[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13925

Non-Argument Calendar

_____

JEROME ELLIS,

Plaintiff-Appellant,

*versus*

MS. OLIVER,
Nurse Practitioner,
DEPUTY WARDEN GIBBONS,
Security,
JOHN AND OR JANE DOES,
Johnson State Prison,
JOHN AND OR JANE DOES,
Medical Administrator,
OFFICER THOMAS, et al.,

2                    Opinion of the Court                    20-13925

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:20-cv-00033-DHB-BKE

_____

Before JORDAN, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jerome Ellis appeals the district court's (a) denial of his motion to proceed *in forma pauperis* ("IFP") and (b) dismissal without prejudice of his *pro se* amended complaint against various Georgia prison officials for deliberate indifference to a serious medical need and violations of his First, Fifth, and Fourteenth Amendment rights. He argues that prison officials violated his constitutional rights by, among other things, failing to adequately treat his chronic pain and by interfering with his legal mail.

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must establish that every ground for the judgment against him is incorrect. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). When an appellant fails to challenge on appeal one of the grounds for the district court's judgment, he has abandoned any challenge of that ground, and the judgment is due to be affirmed.

*See id.* An appellant abandons a claim or argument on appeal when (1) he makes only passing references to it; (2) he raises it in a perfunctory manner without supporting arguments and authority; (3) he refers to it only in the "statement of the case" or "summary of the argument"; or (4) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments. *See id.* at 681-82.

The district court denied Mr. Ellis' motion to proceed IFP because he had three "strikes" under 28 U.S.C. § 1915(g) and had not alleged that he was in imminent danger of physical harm or injury. The district court also alternatively ruled that Mr. Ellis' suit should be dismissed as a sanction for failing to correctly disclose his prior litigation history.

We affirm the district court's order. Simply stated, Mr. Ellis abandoned any challenge to either of the grounds for the district court's ruling by failing to mention on appeal the three-strikes provision or his filing history.

**AFFIRMED.**[1]

---

[1] We note that Mr. Ellis has filed a number of motions that are pending. All of these motions are DENIED.